UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| LIOBERTH OSVENCI MILLA VILLARREAL, | |
| Petitioner, | |
| v. | No. 6:26-CV-00058-H |
| WARDEN, EDEN DETENTION CENTER, | |
| Respondent. | |

## ORDER

Petitioner filed an emergency motion for expedited review and a temporary restraining order to prevent his transfer to a different detention facility or his removal while this habeas petition remains pending.  Dkt. No. 9.  As explained below, the motion is denied.

### 1.    Legal Standards

It is well established that a district court has inherent power to control its docket.  *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005).  This power authorizes the Court to choose the order in which to hear and decide pending matters.  *Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 218 (5th Cir. 1998).  There is no statutory or constitutional right to the disposition of a habeas motion within a specific time.  *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C. § 2255).  Section 1657 requires that courts expedite matters when good cause is shown.  But this requirement is "relative, not specific."  *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party seeking a TRO or

preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

2.      **Analysis**

First, Petitioner asks the Court to immediately review and rule on his petition, or alternatively, require expedited briefing. But the respondent has filed its answer, and Petitioner's reply, if any, is due by May 5, 2026. The Court finds that Petitioner has not shown

good cause for expedited briefing or for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's motion to expedite is denied.

Second, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He did include a declaration under penalty of perjury, but he does not allege specific facts that clearly show a threat of immediate and irreparable injury. His conclusory statements that he meets each of the requirements for relief are insufficient. Thus, he is not entitled to relief without giving Respondent the opportunity to be heard.

Next, Petitioner's request for TRO must be denied in part because he seeks the same relief sought in his petition. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at \*4 (5th Cir. Feb. 17, 2022); *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at \*1 (W.D. Tex. Nov. 7, 2025).

Petitioner seeks the same relief—immediate release or a bond hearing—in both his amended petition, Dkt. No. 5, and his emergency motion for TRO, Dkt. No. 9. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at \*6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion for immediate release is denied.

And, to the extent Petitioner seeks an order preventing his transfer from this Court's jurisdiction, the request is denied as unnecessary.  Petitioner's transfer will not affect the Court's jurisdiction.  Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change.  *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014).

In any event, the Court finds that Petitioner has not met the required elements for a TRO.  He has not pled any facts to show that he faces a substantial threat of serious harm, that the balance of hardships weighs in his favor, or that the requested TRO will serve any public interest.  Thus, the court therefore denies the motion to prevent transfer or removal.

Finally, the Court must deny Petitioner's request for stay of removal.  First, the Court finds that Petitioner has not met the required elements for a TRO.  He cannot show a substantial threat of irreparable harm, because he has not pled any facts to show that removal is imminent.  To the contrary, he asserts that his immigration proceedings remain pending and he is not subject to a final order of removal.  Thus, the Court denies his request for a stay of removal.  Alternatively, and in any event, the Court lacks jurisdiction to grant a stay of removal. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)).  The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings.  *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).  The court therefore lacks jurisdiction to stay Petitioner's removal.

This habeas petition remains pending and will be considered in due course once briefing is complete.

So ordered on April 15, 2026.

James Wesley Hendrix
United States District Judge